UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIAN TONG CHEN,

                                    Civil Action No. 18-cv-1151-ER

               Plaintiff,

v.

CLEW Z ANGUS INC. d/b/a NIU NOODLE,
STEPHEN LI, ROSITA LI, RICHARD LI/
RICHARD LEE, JANE DOE, and JOHN DOE,

               Defendants.
------------------------------------------------------------X

October 17, 2018

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Settlement Agreement") is made this _____ day of October, 2018 by and between CLEW Z ANGUS INC. d/b/a NIU NOODLE, STEPHEN LI, ROSITA LI, RICHARD LI/RICHARD LEE, JANE DOE, and JOHN DOE" ("Defendants"), and LIAN TONG CHEN ("Plaintiff"), collectively referred to as the "Parties."

       WHEREAS, Plaintiff was employed by Defendants;

       WHEREAS, a genuine dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of the above-captioned action in the United States District Court for the Southern District of New York, Civil Action No. 18-cv-1151 (ER), alleging, among other things, violations of the Fair Labor Standards Act and the New York Labor Law (the "Litigation");

       WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and do not admit to any wrongdoing;

       WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

       **NOW, THEREFORE,** in consideration of the promises and undertakings set forth in this Settlement Agreement, the Parties covenant and agree as follows:

       1.    <u>Settlement Payment</u>.  Defendants shall pay a total of $42,000 ("Settlement Payment") to Plaintiff. The monies shall be paid as follows: (a) one (1) payment of $13,500 within ten (10) days of the full execution of this Settlement Agreement ("Effective Date"); (b)

six (6) payments of $4,500 consecutive installment payments of $4,500 on the 1st of each month, commencing the month following payment as described in subsection (a). Each payment shall be made payable to Plaintiff's counsel, Law Office of John S. Yong, P.C. 39 East Broadway, Suite 503 New York, NY 10002.

The Settlement Payment shall be in full satisfaction of Plaintiffs' claims for unpaid minimum wage, unpaid overtime pay, unpaid spread of hours pay, and all other wage-related claims, as well as state and federal liquidated damages, court costs, and attorneys' fees.

2.  **Dismissal of the Litigation.** Within five (5) days of Defendants' first payment as described in Paragraph 1, subsection (a) of this Settlement Agreement, the Parties shall file a Stipulation of Dismissal. See, form of Stipulation attached herewith as Exhibit A.

- **Default.** Should Defendants miss a payment, Plaintiff is to immediately notify Defendants. Defendants shall have five (5) days after the notification is received to remit payment to Plaintiff. Should Defendants fail to make the full installment payment within those five (5) days, Defendants hereby expressly authorize the entry of Confessions of Judgment in the amount of $42,000, less payments already made, without further notice in favor of Plaintiff. Said Confessions of Judgment are attached herewith as Exhibits B-1, B-2, B-3, and B-4.

3.  **Mutual Releases.** In consideration of the terms of this Settlement Agreement and for the agreement of Defendants to enter into this Settlement Agreement, Plaintiff waives and hereby releases and discharges Defendants from all liability to Plaintiff arising out of or relating to Plaintiff's employment with Defendants prior to the date of Plaintiff's execution of this Settlement Agreement, the way Plaintiff was treated during the course of Plaintiff's employment by Defendants, the compensation paid to Plaintiff for work performed during Plaintiff's employment by Defendants, the termination of Plaintiff's employment, and any overtime, minimum wage, "spread of hours," or other compensation that Plaintiff contends Plaintiff earned while employed by Defendants but did not receive, including without limitation: **(i)** all liability for any acts prior to the date of this Settlement Agreement that violated or may have violated Plaintiff's rights under any contract, tort, or other common law theory of recovery, any federal, state, or local fair employment practices, fair labor standards, payment of wages, or civil rights law or regulation, any employee relations statute, executive order, law, regulation, wage order, or ordinance, or any other duty or obligation of any kind, including but not limited to rights created by the Fair Labor Standards Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, the Family-Medical Leave Act of 1993, 42 U.S.C. § 1981, the New York State Human Rights Act, the New York City Human Rights Law, the New York State Wage Theft Prevention Law, and all other laws of any kind or nature that pertain to the legal relations between employers and employees; **(ii)** all liability, asserted or unasserted, known or unknown, suspected or unsuspected, which was or may have been alleged against or imputed to Defendants by Plaintiff or anyone acting on Plaintiff's behalf up to the date of this Settlement Agreement; **(iii)** all asserted and unasserted rights to and claims for wages, minimum wages, overtime compensation, gratuities, commissions, monetary and equitable relief, employment or re-employment with Defendants in any position, and compensatory, punitive, or liquidated damages or penalty payments; and **(iv)** all asserted and unasserted rights to and claims for attorneys' fees and costs,

2

whether pursuant to 29 U.S.C. § 216, 42 U.S.C. § 1988, Section 198 or any other provision of the New York Labor Law, or any other federal, state, or local statute, regulation, or judicial precedent that shifts to the employer responsibility for payment of attorneys' fees, costs, and disbursements in litigation of any kind arising from the employment relationship or the workplace.

If there is presently pending any judicial or administrative proceeding arising out of or relating to Plaintiff's employment with Defendants, the termination of Plaintiff's employment, the way Plaintiff was treated while employed by Defendants, or the compensation paid to Plaintiff while Plaintiff was employed by Defendants prior to the date of this Settlement Agreement that was commenced by Plaintiff or any person acting or purporting to act on Plaintiff's behalf, or if in the future such a proceeding is commenced by Plaintiff or any person acting or purporting to act on Plaintiff's behalf (including without limitation any class representative in a private action and the United States Department of Labor, the New York State Department of Labor, and the Office of the Attorney General of the State of New York), Plaintiff shall promptly notify Defendants of the pendency of such proceeding and withdraw it with prejudice; further, Plaintiff shall refrain from obtaining or accepting any relief or recovery therefrom, and if they receive such relief or recovery, they shall promptly pay it over to Defendants without demand therefor from Defendants.

Defendants agree that they will not start any litigation concerning Plaintiff's time as an employee for Defendants. Additionally, Defendants have agreed to release Plaintiff from any past causes of action defendants may have had.

4. <u>Breach of this Settlement Agreement</u>. The Parties acknowledge and agree that, in the event of a breach of any of the terms or provisions of this Settlement Agreement, nothing in this Settlement Agreement shall be construed to preclude or limit any party from filing a lawsuit for the purpose of enforcing their rights under this Settlement Agreement.

5. <u>Consultation with Counsel</u>. The Parties have read and understand the terms of this Settlement Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequences of each such term. The Parties further represent that their respective counsel have translated this Settlement Agreement from English to their native language.

6. <u>Entire Settlement Agreement</u>. This Settlement Agreement represents the entire agreement and understanding between the Parties. This Settlement Agreement may not be modified or canceled in any manner except by a writing signed by all of the Parties to this Settlement Agreement.

7. <u>Confidentiality</u>. For and in consideration of the payments, promises, and other consideration described in this Settlement Agreement, and as a further material inducement to enter into this Settlement Agreement, the Parties agree that, from the Effective Date and after, they will keep confidential and otherwise not disclose to any person or entity the terms of this Settlement Agreement or any of the events or allegations that were the subject matter of the Litigation, except as specifically provided herein. The Parties represent that they have kept confidential and have not disclosed to any person or entity the terms of this Settlement

3

Agreement since the parties orally agreed to settle the Litigation.

8. Non-disparagement. The Parties shall not, directly or indirectly, disparage, defame, or otherwise harm the interests of the other party, including the goodwill and reputation of the Parties. The Parties agree that a breach of this Paragraph would cause irrevocable harm to the other party, incapable of full compensation by the award of money damages. Any aggrieved party shall, therefore, be entitled to injunctive and/or equitable relief (without the necessity of proving any actual damage or that monetary damage would not afford an adequate remedy) for any violation of this Paragraph, in addition to any monetary damages the aggrieved party can substantiate.

9. Tax, Legal, or Accounting Implications. The Parties acknowledge and agree that they are responsible for and assume any and all of their own federal, state, and/or local tax obligations or consequences that may arise from this Settlement Agreement. The Parties agree that they will not seek indemnification from the other with respect thereto. The Parties acknowledge that they understand that this Settlement Agreement may result in taxable income to Plaintiff under applicable federal, state, and/or local income tax laws, and that Defendants will be fulfilling all of their tax reporting obligations with respect to all identified payments.

10. Waiver. A waiver by any party of a breach of any of the provisions of this Settlement Agreement shall not operate or be construed as a waiver of any other provision of this Settlement Agreement.

11. Authority. The Parties each represent and warrant that the person executing this Settlement Agreement on their behalf is fully authorized to do so, and that such person has the authority to bind them, and all who may claim through them, to the terms and conditions set forth in this Settlement Agreement.

12. Construction. This Settlement Agreement shall be construed equally as between the Parties hereto, and shall not be construed for or against any party because that party's legal representative may have drafted the Settlement Agreement or any part thereof.

13. Severability. If any provision of this Settlement Agreement is found to be unenforceable, all other provisions shall be severed and remain fully enforceable.

14. Effective Date. The Effective Date of this Settlement Agreement shall be the date upon which the last of the signatures below shall have been executed.

15. Controlling Law. This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to choice of law principles.

16. Binding Effect. This Settlement Agreement shall be binding on and inure to the benefit of the Parties and their respective successors, assigns, agents, employees, officers, officials, directors and stockholders.

17.  **Counterparts.**  This Settlement Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. The Parties further agree that electronic and facsimile copies of this Settlement Agreement shall be considered to be the equivalent to original copies of this Settlement Agreement.

**Defendants:**

**STEPHEN LI aka JOHN DOE**
_____

Date: _____

**ROSITA LI aka JANE DOE**
_____

Date: _____

**RICHARD LI/RICHARD LEE**
_____

Date: __10-18-18__

**CLEW Z ANGUS INC. d/b/a NIU NOODLE**
By: _____

Name: _____

Title: _____

Date: _____

**Plaintiff:**

**LIAN TONG CHEN**
_____

Date: _____

5

13. **Severability.** If any provision of this Settlement Agreement is found to be unenforceable, all other provisions shall be severed and remain fully enforceable.

14. **Effective Date.** The Effective Date of this Settlement Agreement shall be the date upon which the last of the signatures below shall have been executed.

15. **Controlling Law.** This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to choice of law principles.

16. **Binding Effect.** This Settlement Agreement shall be binding on and inure to the benefit of the Parties and their respective successors, assigns, agents, employees, officers, officials, directors and stockholders.

17. **Counterparts.** This Settlement Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. The Parties further agree that electronic and facsimile copies of this Settlement Agreement shall be considered to be the equivalent to original copies of this Settlement Agreement.

**Defendants:**

**STEPHEN LI aka JOHN DOE**

Date: _____

**ROSITA LI aka JANE DOE**

Date: _____

**RICHARD LI/RICHARD LEE**

Date: _____

**CLEW Z ANGUS INC. d/b/a NIU NOODLE**
By: _____

Name: _____

Title: _____

**Plaintiff:**

**LIAN TONG CHEN**
*LIAN TONG chen*

Date: 10/18/18

5

**EXHIBIT B-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAN TONG CHEN,                                    Civil Action No. 18-cv-1151 (ER)

                Plaintiff,

   -against-                                     **CONFESSION OF JUDGMENT**

CLEW Z ANGUS INC. d/b/a NIU NOODLE,
STEPHEN LI, ROSITA LI, RICHARD LI/
RICHARD LEE, JANE DOE, and JOHN DOE,

                Defendants.

---

STATE OF NEW YORK  )
                            ) ss:
COUNTY OF NEW YORK  )

      STEPHEN LI, being duly sworn, deposes and says the following:

      1. That I am one of the defendants in the above-entitled action and I am a resident of the State of New York.

      2. That I was the employer of Plaintiff, and that Plaintiff alleges that Plaintiff was not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

      3. That I have entered into a Settlement Agreement and General Release with Plaintiff on October _____, 2018. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

      4. That I hereby confess that the sum of $_____, which represents the amount of $42,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is hereby due and owing to Plaintiff and authorize Plaintiff to enter judgment against me, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of my failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of New York in the State of New York, or in any other county, state, or other jurisdiction in which I may reside or have an office for the transaction of business at the time of such entry.

                                                                            /s/ Stephen Li
                                                                  STEPHEN LI

Sworn to before me this
17th day of October, 2018

_____
Notary Public

Andy J. Law
Notary Public, State of New York
No. 01LA6228451
Qualified in Kings County
Commission Expires Sept. 20, 2022

**EXHIBIT B-2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAN TONG CHEN,

                Plaintiff,

   -against-

CLEW Z ANGUS INC. d/b/a NIU NOODLE,
STEPHEN LI, ROSITA LI, RICHARD LI/
RICHARD LEE, JANE DOE, and JOHN DOE,

                Defendants.

Civil Action No. 18-cv-1151 (ER)

**CONFESSION OF JUDGMENT**

---

STATE OF NEW YORK  )
                               ) ss:
COUNTY OF NEW YORK )

       ROSITA LI, being duly sworn, deposes and says the following:

       1. That I am one of the defendants in the above-entitled action and I am a resident of the State of New York.

       2. That I was the employer of Plaintiff, and that Plaintiff alleges that Plaintiff was not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

       3. That I have entered into a Settlement Agreement and General Release with Plaintiff on October _____, 2018. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

       4. That I hereby confess that the sum of $_____, which represents the amount of $42,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiff and authorize Plaintiff to enter judgment against me, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of my failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of New York in the State of New York, or in any other county, state, or other jurisdiction in which I may reside or have an office for the transaction of business at the time of such entry.

                                                               _____
                                                               ROSITA LI

Sworn to before me this
17th day of October, 2018

_____
Notary Public

Andy J. Law
Notary Public, State of New York
No. 01LA6228451
Qualified in Kings County
Commission Expires Sept. 20, 22

**EXHIBIT B-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAN TONG CHEN,                                   Civil Action No. 18-cv-1151 (ER)

                Plaintiff,

  -against-                                              **CONFESSION OF JUDGMENT**

CLEW Z ANGUS INC. d/b/a NIU NOODLE,
STEPHEN LI, ROSITA LI, RICHARD LI/
RICHARD LEE, JANE DOE, and JOHN DOE,

                Defendants.

---

STATE OF NEW YORK   )
                                ) ss:
COUNTY OF NEW YORK  )

      RICHARD LI/RICHARD LEE, being duly sworn, deposes and says the following:

      1. That I am one of the defendants in the above-entitled action and I am a resident of the State of New York.

      2. That I was the employer of Plaintiff, and that Plaintiff alleges that Plaintiff was not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

      3. That I have entered into a Settlement Agreement and General Release with Plaintiff on October ____, 2018. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

      4. That I hereby confess that the sum of $_____, which represents the amount of $42,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiff and authorize Plaintiff to enter judgment against me, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of my failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of New York in the State of New York, or in any other county, state, or other jurisdiction in which I may reside or have an office for the transaction of business at the time of such entry.

Sworn to before me this
18th day of October, 2018

_Kallen Beier_
Notary Public

Kallen Beier

                                            _____
                                            RICHARD LI/RICHARD LEE

KALLEN BEIER
Notary Public, State of New York
Registration #01BE6344336
Qualified in New York County
Commission Expires June 27, 2020

**EXHIBIT B-4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAN TONG CHEN,                                Civil Action No. 18-cv-1151 (ER)

        Plaintiff,

  -against-                                       **CONFESSION OF JUDGMENT**

CLEW Z ANGUS INC. d/b/a NIU NOODLE,
STEPHEN LI, ROSITA LI, RICHARD LI/
RICHARD LEE, JANE DOE, and JOHN DOE,

        Defendants.

---

STATE OF NEW YORK    )
                                 ) ss:
COUNTY OF NEW YORK  )

        Hui Ping Xiao, being duly sworn, deposes and says the following:

        1. That CLEW Z ANGUS INC. d/b/a NIU NOODLE is a defendant in the above referenced matter; that I am owner of CLEW Z ANGUS INC. d/b/a NIU NOODLE, a corporation duly organized under the laws of the State of New York, and I am duly authorized to make this confession on behalf of CLEW Z ANGUS INC. d/b/a NIU NOODLE.

        2. That Plaintiff was an employee of CLEW Z ANGUS INC. d/b/a NIU NOODLE, and that Plaintiff alleges that Plaintiff was not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

        3. That I, on behalf of CLEW Z ANGUS INC. d/b/a NIU NOODLE, have entered into a Settlement Agreement and General Release with Plaintiff on October ____, 2018. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

        4. That CLEW Z ANGUS INC. d/b/a NIU NOODLE hereby confesses that the sum of $_____, which represents the amount of $42,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiff and authorizes Plaintiff to enter judgment against it, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of its failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of New York in the State of New York.

                                                                                       _____
        Sworn to before me this                                STEPHEN LI on behalf CLEW Z ANGUS INC. d/b/a
                                                                                   NIU NOODLE.

17th day of October, 2018

_____
Notary Public

                                          Andy J. Law
                                Notary Public, State of New York
                                       No. 01LA6228451
                                Qualified in Kings County
                                Commission Expires Sept. 20, 22